UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEEP WEB, LLC | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) Case No. 14-cv-00663 |
| v. | ) |
|  | ) **COMPLAINT FOR** |
| MICROSOFT CORPORATION | ) **PATENT INFRINGEMENT** |
|  | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |
|  | ) |

For its Complaint, Plaintiff Deep Web, LLC ("Deep Web"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1. Deep Web is a Washington corporation with a place of business at 15327 184th Place NE, Woodinville, Washington 98072.

2. Defendant Microsoft Corporation is a Washington corporation with, upon information and belief, a place of business located at One Microsoft Way, Redmond, Washington 98052.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

COMPLAINT FOR PATENT INFRINGEMENT - 1

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

5. Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

6. Venue is proper in this district pursuant to §§ 1391(b), (c) and 1400(b).

## BACKGROUND

7. On April 6, 2010, United States Patent No. 7,693,956 (the "'956 patent"), entitled "Accessing Deep Web Information Using a Search Engine," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '956 patent is attached hereto as Exhibit A.

8. On May 11, 2010, United States Patent No. 7,716,303 (the "'303 patent"), entitled "Accessing Deep Web Information Associated With Transportation Services Using A Search Engine," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '303 patent is attached hereto as Exhibit B.

9. On June 1, 2010, United States Patent No. 7,730,160 (the "'160 patent"), entitled "Accessing Deep Web Information Associated With Hospitality Services Using A Search Engine," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '160 patent is attached hereto as Exhibit C.

10. Deep Web is the assignee and owner of the right, title and interest in and to the '956, '303 and '160 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

11. From December 2013 through March 2014, Deep Web attempted to open licensing discussions with Defendant outside of litigation. In late February and early March 2014, Defendant stopped responding to Deep Web's communications.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,693,956

12. Deep Web repeats and realleges the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '956 patent by making, using, importing, offering for sale, and/or selling methods for searching dynamic web pages, including, but not limited to Bing, which are covered by one or more claims of the '956 patent.

14. Deep Web is entitled to recover from Defendant the damages sustained by Deep Web as result of Defendant's infringement of the '956 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,716,303

15. Deep Web repeats and realleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

16. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '303 patent by making, using, importing, offering for sale, and/or selling methods and products for searching dynamic web pages associated with a transportation service, including, but not limited to Bing, which are covered by one or more claims of the '303 patent.

17. Deep Web is entitled to recover from Defendant the damages sustained by Deep Web as result of Defendant's infringement of the '303 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,730,160

18. Deep Web repeats and realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '160 patent by making, using, importing, offering for sale, and/or selling methods for searching dynamic web pages associated with a hospitality service, including, but not limited to Bing, which are covered by one or more claims of the '160 patent.

20. Deep Web is entitled to recover from Defendant the damages sustained by Deep Web as result of Defendant's infringement of the '160 patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Deep Web hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Deep Web requests that this Court enter judgment against Defendant as follows:

A. An adjudication that Defendant has infringed the '956, '303 and '160 patents;

B. An award of damages to be paid by Defendant adequate to compensate Deep Web for Defendant's past infringement of the '956, '303 and '160 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Deep Web's reasonable attorneys' fees; and

COMPLAINT FOR PATENT INFRINGEMENT - 4

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353

D.   An award to Deep Web of such further relief at law or in equity as the Court deems just and proper.

DATED this 2nd day of May, 2014.

ROHDE & VAN KAMPEN PLLC

s/ Al Van Kampen
Al Van Kampen, WSBA No. 13670
*avk@rvk-law.com*
Nathan Paine, WSBA No. 34487
*npaine@rvk-law.com*
Attorneys for Plaintiff Deep Web, LLC

*Of Counsel*:
Richard C. Weinblatt
Stamatios Stamoulis
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540
*weinblatt@swdelaw.com*
*stamoulis@swdelaw.com*

COMPLAINT FOR PATENT INFRINGEMENT - 5

**ROHDE & VAN KAMPEN** PLLC
1001 Fourth Avenue, Suite 4050
Seattle, Washington 98154-1000
(206) 386-7353